UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Terrence D. Mayfield, | : |
| | : Civil Action No. 13-7671(JHR) |
| Plaintiff, | : |
| | : |
| v. | : **MEMORANDUM AND ORDER** |
| | : |
| United States et al. | : |
| | : |
| Defendants. | : |

Plaintiff, a prisoner at CI Taft, in Taft, California seeks to bring a civil action *in forma pauperis*,[1] asserting constitutional claims and state law claims against the United States, the Acting U.S. Attorney and Assistant U.S. Attorney who prosecuted his criminal case. (Compl., Doc. No. 1.) The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis.*

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified

---

[1] Suits brought *in forma pauperis* are governed by 28 U.S.C. § 1915.

copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, by deducting from the prisoner's account, and forwarding to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit refund of the filing fee to the prisoner.[2]

---

[2] If Plaintiff chooses to go forward with this case by submitting a properly completed IFP application, he may wish to submit an

2

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal that was dismissed by the court on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In this case, Plaintiff failed to submit a completed *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2). Plaintiff failed to submit a **certified** six-month account statement, pursuant to 28 U.S.C. § 1915(a)(2).[3]

THEREFORE, it is on this 26th day of March, 2015;

ORDERED that Plaintiff's application to proceed *in forma pauperis* is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see

---

amended complaint to avoid dismissal upon the Court's preliminary screening of the complaint for the factors in listed in 28 U.S.C. 1915(e)(2)(B). Furthermore, if Plaintiff does not state a viable claim arising under federal law, the court can decline to exercise supplemental jurisdiction over any state law claim. See 28 U.S.C. § 1367(c)(3).

[3] Until such time as the Plaintiff submits a properly completed IFP application, pays the partial filing fee, and the court screens the complaint, and orders the defendants to answer, Defendants are not in default. See 28 U.S.C. § 1915(c),(d).

3

Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, M.L. King, Jr. Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a *certified* six-month prison account statement, or (2) the $400 fee ($350 filing fee, plus $50.00 administrative fee); and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or filing fee, and amended complaint if Plaintiff chooses to amend, within the time allotted by this Court, the Clerk of Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail, together with a blank form "Prisoner Applying To Proceed In Forma Pauperis In A Civil Rights Case" and a blank form "Prisoner Civil Rights Complaint."

       <u>s/ Joseph H. Rodriguez</u>
       **Joseph H. Rodriguez**
       **United States District Judge**